UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUSTIN J. HAVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02401-JPH-CSW |
| | ) | |
| WILSON Warden, | ) | |
| A. RUBLE Sergeant, | ) | |
| JIMMY SMITH Officer, | ) | |
| JENNIFER SUMSKI, | ) | |
| JAMES WILLIAMS, | ) | |
| VEDORA HINSHAW, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Dustin J. Havens is a prisoner at Plainfield Correctional Facility

("Plainfield"). He filed this civil action alleging due process violations

surrounding his disciplinary conviction in case number IYC-24-11-003910.

Because he is a "prisoner," this Court must screen the complaint before service

on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim

1

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint alleges that Mr. Havens has been diagnosed with opioid use disorder. This is reflected in his Indiana Department of Correction mental health code and his enrollment in a treatment program.

Plainfield staff accused Mr. Havens of "diverting" powdered Suboxone during a medical clinic on November 20, 2024. Mr. Havens received a conduct report and was found guilty in disciplinary case number IYC-24-11-003910. His sanctions included a 120-day loss of credit time and a demotion in credit class. The defendants did not consult with a behavioral health professional in reaching this outcome. The defendants additionally failed to collect and test the Suboxone.

During Mr. Havens's case plan credit time review period from June 10, 2024, to January 4, 2025, the defendants used the conduct report as a basis to deny him good-time credit.

Mr. Havens seeks restoration of his credit time and monetary damages.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

Insofar as Mr. Havens seeks relief which adjusts the term of his imprisonment, his claims must be brought as a habeas corpus petition pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the terms of § 1983); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) ("If the state had deprived him of good-time credits already earned, then § 2254 would provide the exclusive avenue for seeking federal relief. A reduction in the rate of earning good-time credits should be treated identically. The stakes are the same: the length of incarceration." (internal citation omitted)). Therefore, because Mr. Havens challenges disciplinary sanctions affecting the duration of his incarceration, his claims seeking adjustment thereof must be brought in a petition for writ of habeas corpus and not a civil rights complaint.

Mr. Havens also seeks relief in the form of damages; he may not seek damages related to his disciplinary proceedings unless and until his sanctions have been reversed. *See Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019) (citing *Heck*, 512 U.S. 477).

3

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to **dismissal**.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through July 6, 2026**, in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano . . . ,* the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

The **clerk is directed** to include a form Petition for Relief From a Prison Disciplinary Conviction By a Person in State Custody form with Mr. Havens's copy of this Order. If Mr. Havens seeks to pursue a habeas corpus action challenging his disciplinary conviction in IYC- IYC-24-11-003910, he must use this form. *See* S.D. Ind. L.R. 38-1. The petition should not be filed in this case, as it will commence a new action which will be assigned a new case number.

**SO ORDERED.**

Date: 6/18/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

DUSTIN J. HAVENS
921433
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only